UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
JOSE E. MARINE BONIFACIO and NELSY    :
M. ABREU DE MARINE,                                    :
                                                       :
                                    Plaintiffs,    :          24-CV-02688 (VSB)
                                                       :
                      -against-                        :          **ORDER**
                                                       :
COWAN SYSTEMS LLC, COWAN              :
INTERMODAL GROUP LLC, ZBIGNIEW        :
PAUPEROWICZ, and YAN                             :
MARINE-ABREU,                                          :
                                                       :
                                    Defendants.    :
-------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        On February 7, 2024, Plaintiffs Jose E. Marine Bonifacio and Nelsy M. Abreu De Marine

filed this personal-injury action against Defendants Cowan Systems LLC, Cowan Intermodal

Group LLC, Zbigniew Pauperowicz, and Yan Marine-Abreu in New York state court.  (Doc. 1

("Notice of Removal"), Ex. 1 at 3–13 ("Complaint").)  In April 2024, Defendants Cowan Systems

LLC, Cowan Intermodal Group LLC, and Zbigniew Pauperowicz filed a Notice of Removal,

asserting that I have diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.[1]  (Notice of

Removal ¶ 9.)  Defendants assert that complete diversity exists between all the parties because

(1) "plaintiffs JOSE E. MARINE BONIFACIO AND NELSY M. ABREU DE MARINE are now,

and were at the time said action was commenced, residents of the State of New York";

(2) "petitioners COWAN INTERMODAL GROUP, LLC and COWAN SYSTEMS, LLC were at

---

[1] Defendant Yan Marine-Abreu did not file for removal and his consent to removal is not recorded on the docket.
(Notice of Removal ¶ 4.)  However, because Plaintiffs have not objected to this defect in the removal procedures,
they have forfeited the right to do so.  *See Rodriguez v. Xtra, LLC*, No. 23-CV-4246, 2023 WL 5718115, at *2
(S.D.N.Y. Sept. 5, 2023).

the time of the accident and remain limited liability companies filed in the State of Maryland with principal places of businesses in the State of Maryland"; (3) "petitioner ZBIGNIEW PAUPEROWICZ is now, and was at the time said action was commenced, a resident of the State of Pennsylvania"; and (4) "defendant YAN MARINE-ABREU is now, and was at the time said action was commenced, a resident of the State of New Jersey." (*Id.* ¶ 3.) Because the Notice of Removal fails to sufficiently allege Plaintiffs' citizenship as well as the citizenship of the members of Defendants Cowan Intermodal Group LLC and Cowan Systems LLC, Defendants' asserted basis for removal is defective. However, I grant Defendants leave to amend their Notice of Removal to cure these defects.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The party seeking removal bears the burden of establishing the basis for subject-matter jurisdiction. *See Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997). A district court may remand a case to state court "sua sponte at any time upon finding that it lacks subject matter jurisdiction." *Beal Stream Venture, LLC v. Leading Builders Grp. LLC*, No. 23-CV-5641, 2023 WL 7648723, at *2 (S.D.N.Y. Nov. 15, 2023).

Here, the Notice of Removal asserts that Plaintiffs are residents of New York. (*See* Notice of Removal ¶ 3 ("JOSE E. MARINE BONIFACIO AND NELSY M. ABREU DE MARINE are now, and were at the time said action was commenced, residents of the State of New York.").) The Complaint includes virtually identical language. (*See* Complaint ¶ 1 ("JOSE E. MARINE BONIFACIO, resided in the County of Queens, City and State of New York."); *id.* ¶ 2 ("NELSY

M. ABREU DE MARINE, resided in the County of Queens, City and State of New York.").)

These assertions, however, do not establish Plaintiffs' citizenship in New York. An individual's citizenship for purposes of diversity jurisdiction depends on his domicile, *see Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010), which is the "place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning," *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). "Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citation omitted). For that reason, "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins.*, 126 F.3d 100, 103 (2d Cir. 1997); *see Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (holding that the plaintiffs "failed adequately to allege diversity in their original complaint" because "they had alleged only the residence, and not the citizenship (or domicile), of the parties"). Because Defendants have failed to properly assert the citizenship of Plaintiffs, I lack subject-matter jurisdiction under Section 1332.[2]

Defendants have also failed to properly allege the citizenship of Cowan Intermodal Group LLC and Cowan Systems LLC (together, the "LLCs"). Although Defendants allege that the LLCs are "limited liability companies filed in the State of Maryland with principal places of businesses in the State of Maryland," (Notice of Removal ¶ 3; *see also* Complaint ¶¶ 4, 11, 20, 27), the citizenship of an LLC "is [not] determined [] by the LLC's place of incorporation or principal

---

[2] For these same reasons, Defendants have likewise failed to properly assert the citizenship of Defendants Zbigniew Pauperowicz and Yan Marine-Abreu. (*See* Notice of Removal ¶ 3 ("ZBIGNIEW PAUPEROWICZ is now, and was at the time said action was commenced, a resident of the State of Pennsylvania."); Complaint ¶ 3 ("ZBIGNIEW PAUPEROWICZ, was, and still is, a resident of the State of Pennsylvania."); Notice of Removal ¶ 3 ("YAN MARINE-ABREU is now, and was at the time said action was commenced, a resident of the State of New Jersey."); Complaint ¶ 36 ("YAN MARINE-ABREU . . . resided in the County of Hudson, State of New Jersey.").)

place of business." *Agility Logistics Corp. v. Elegant USA, LLC*, No. 09-CV-4719, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009) (internal quotation marks and alterations omitted).  For diversity purposes, an LLC is a citizen of every state of which its members are citizens.  *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).  To invoke diversity jurisdiction, the removing party must therefore establish "the citizenship of each member of the limited liability company."  *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014).  Defendants, however, have failed to allege that information.

Although Defendants assert a basis for diversity jurisdiction, the basis asserted is legally insufficient.  Because the defects in the Notice of Removal are not fundamental, but instead involve only imperfect statements of citizenship, I grant Defendants leave to amend their Notice of Removal.  *See Fulfree v. Manchester*, 182 F.3d 899 (2d Cir. 1999) (affirming district court's ruling granting the defendant leave to amend the notice of removal to add specificity as to defendant's citizenship); *see also Linium, LLC v. Bernhoit*, No. 17-CV-200, 2017 WL 2599944, at *3 (N.D.N.Y. June 15, 2017) ("'When diversity is not absent from a notice of removal but is defectively alleged,' courts typically permit the removing party to amend its notice of removal." (quoting *Grow Grp., Inc. v. Jandernoa*, No. 94-CV-5679, 1995 WL 60025, at *2 (S.D.N.Y. Feb. 10, 1995))); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." (internal quotation marks omitted)); *Beter v. Baughman*, No. 24-CV-79, 2024 WL 1333570, at *4 (S.D.N.Y. Mar. 13, 2024) ("[I]ncluding allegations in the petition for removal of the parties' 'residency' as opposed to their 'citizenship' is merely a technical defect that could be cured, even with an untimely amendment.").

Accordingly, Defendants are hereby

ORDERED to file an amended Notice of Removal within fourteen (14) days of the filing of this Order curing the defects described herein.  If Defendants do not do so by this deadline, the Court will remand this case to the Supreme Court of the State of New York without further order.

SO ORDERED.

Dated:  September 9, 2024
        New York, New York

Vernon S. Broderick
United States District Judge